LIVE STOCK NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 2467.    Promulgated June 18, 1927.

*W. C. Dorsey, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

GREEN: In this proceeding the petitioner seeks a redetermination
of its income and profits-tax liability for the year 1920, for which
the respondent has determined a deficiency in the sum of $349.50.
The sole issue in the case is the right of the petitioner to deduct as
an ordinary and necessary business expense the amount contributed
by it during the taxable year to a so-called " pension fund."

### FINDINGS OF FACT.

On February 9, 1917, the board of directors of the Live Stock Na-
tional Bank, the petitioner herein, at a special meeting adopted the
following resolution:

Whereas, the stockholders of this bank are desirous of adopting some per-
manent method of rewarding the employees of this bank for the past and future
continued faithful performance of their duties as such employees; and whereas
various methods and means of effecting such purpose have been considered:

Now, therefore, Be it Resolved, That the Board of Directors of this Bank
is hereby authorized, empowered and directed to organize and put into effect
a pension fund for the benefit of the present and future employees of this bank,
and adopt, ratify and approve such rules and regulations for the management
and control of such pension fund and from time to time to make such gifts
and donations by this bank to such pension fund as may in the judgment of
the Board of Directors seem fit and proper; and whereas, the Board of Direc-
tors of this Bank have carefully considered and investigated the best methods
for effectuating the purpose therein set forth, Now therefore, Be it Resolved,
that there is hereby created a fund which shall be known as the bank pension
fund of the Live Stock National Bank of Omaha, and that the said fund shall
be controlled and managed in accordance with the following rules and
regulations.

And be it further resolved, that on this date, this Bank donate the sum of
twenty-five hundred ($2500) dollars to said bank pension fund, namely, that
the entire balance of the hospital and disability fund heretofore carried as
Savings account B-1000, amounting to $849, be credited to said bank pension
fund, and also that the amount of $1,651 be charged from contingent fund,
making a total of $2,500 donated to said bank pension fund.

The scheme or plan adopted by the resolution resulted from the
suggestion of the president of the bank. It had been found difficult
to procure and retain desirable employees and it was deemed advis-
able to create the fund in order that there be a stronger incentive
on the part of the employees to remain in the service of the bank.
The fund was operated and controlled by a committee of three, all of
whom were associated with the bank in one capacity or another.

Three per cent of the salary of each employee was withheld by the bank and paid into the fund. The bank itself from time to time made contributions thereto. In the year in question its contribution was $3,159. The money thus paid in or contributed was invested in notes, stocks of the petitioner bank, or deposited in a separate account in the bank, which account was treated the same as the account of any other depositor. The securities thus owned by the fund were not listed as assets of the bank and were treated by the bank as the property of the employees entitled to participate therein pursuant to the rules and regulations adopted by them. In 1922, by unanimous consent of those entitled to participate in the distributions thereof, the fund was dissolved and the amounts paid in or contributed, together with the earnings properly attributable thereto, were returned to those who made the payment or contribution.

The petitioner corporation had no interest in the securities or other property owned by the fund. The various contributions thereto were made for the purpose of encouraging desirable persons to become employees of the bank and to retain the services of such employees. See *Hibbard, Spencer, Bartlett & Co.* v. *Commissioner*, 5 B. T. A., 464.

*Judgment will be entered on 15 days' notice, under Rule 50.*